# United States Bankruptcy Court
## NORTHERN DISTRICT OF ILLINOIS

**Voluntary Petition**

| Name of Debtor (if individual, enter Last, First, Middle):<br>Sundowner Mesa, LLC f/k/a Prisoner Transportation Services, LLC | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>4949 Harrison Avenue<br>Rockford, IL<br>ZIP CODE 61108 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | ZIP CODE |

### Type of Debtor (Form of Organization) (Check one box.)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

### Nature of Business (Check one box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

### Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.)
- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

### Chapter 15 Debtors
Country of debtor's center of main interests: _____

Each country in which a foreign proceeding by, regarding, or against debtor is pending: _____

### Tax-Exempt Entity (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

### Nature of Debts (Check one box.)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts

### Filing Fee (Check one box.)
- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

### Chapter 11 Debtors
**Check one box:**
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).

**Check all applicable boxes:**
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

### Statistical/Administrative Information
- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**
| [x] 1-49 | [ ] 50-99 | [ ] 100-199 | [ ] 200-999 | [ ] 1,000-5,000 | [ ] 5,001-10,000 | [ ] 10,001-25,000 | [ ] 25,001-50,000 | [ ] 50,001-100,000 | [ ] Over 100,000 |

**Estimated Assets**
| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [ ] $100,001 to $500,000 | [ ] $500,001 to $1 million | [x] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |

**Estimated Liabilities**
| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [x] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |

70804055v1 0932325

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): Sundowner Mesa, LLC f/k/a Prisoner Transportation Services, LLC |
|---|---|

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.)

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.)

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

### Exhibit A
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☒ Exhibit A is attached and made a part of this petition.

### Exhibit B
(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X _____
Signature of Attorney for Debtor(s)      (Date)

### Exhibit C
Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

### Exhibit D
(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): Sundowner Mesa, LLC f/k/a Prisoner Transportation Services, LLC |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X /s/Thomas J. Lester
Signature of Attorney for Debtor(s)
Thomas J. Lester
Printed Name of Attorney for Debtor(s)
Hinshaw & Culbertson LLP
Firm Name
100 Park Avenue, Rockford, IL 61101
Address

(815) 490-4900
Telephone Number

_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X /s/Gerald H. Weber, Jr.
Signature of Authorized Individual
Gerald H. Weber, Jr.
Printed Name of Authorized Individual
Member
Title of Authorized Individual
2/29/12
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

B !A (Official Form 1, Exhibit A) (9/97)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

In re SUNDOWNER MESA, LLC f/k/a Prisoner Transportation Services, LLC, et al.[1]

Debtor

Case No. _____

Chapter 11

## EXHIBIT "A" TO VOLUNTARY PETITION

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is N/A.

2. The following financial data is the latest available information and refers to the debtor's condition on December 31, 2011

   a. Total assets                                                   $   5,884,267.30[2]
   b. Total debts (including debts listed in 2.c., below)            $   1,796,077.27

   c. Debt securities held by more than 500 holders: **None**

   Approximate number of holders:

   secured ☐   unsecured ☐   subordinated ☐   $ _____   _____
   secured ☐   unsecured ☐   subordinated ☐   $ _____   _____
   secured ☐   unsecured ☐   subordinated ☐   $ _____   _____
   secured ☐   unsecured ☐   subordinated ☐   $ _____   _____
   secured ☐   unsecured ☐   subordinated ☐   $ _____   _____

   d. Number of shares of preferred stock       _____   _____
   e. Number of shares common stock             _____   _____

   Comments, if any: Debtor is a limited liability company.

3. Brief description of debtor's business: Transport passengers per contract with Department of Justice.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number include: Ryan International Airlines, Inc., 1437; Rubloff 757-MSN24794, LLC, 1494; Rubloff Ryan, L.L.C., 1289; Rubloff/Ryan 80 LLC, 4274; Ryan 763BK, L.L.C., 4107; Ryan 767, LLC, 6777; Sundowner 102, LLC, 6462; Sundowner Alexandria LLC, 1058; Sundowner Mesa, LLC f/k/a Prisoner Transportation Services, LLC, 7195; Sundowner Oklahoma City LLC, 0958; Rubloff Aerospace, L.L.C., 4536.

[2] $4,042,079.90 of this amount consists of amounts due from affiliates.

B 1A (Official Form 1, Exhibit A) (9/97)

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:  Gerald H. Weber, Jr. and Patti R. Weber Trust dated November 29, 2005 (35%); Ronald E. Swenson (35%); Aviation Enterprises, Inc. (15%); and Dash Aviation, Inc. (15%).

70804055v1  0932325

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

In re: )
) Chapter 11
)
RYAN INTERNATIONAL AIRLINES, INC., )
et al[1]., ) Case No. 12-_____
)
) Joint Administration Requested
Debtors. )
)

## LIST OF EQUITY SECURITY HOLDERS[2]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Ryan International Airlines, Inc. | Rubloff Ryan, L.L.C. | 4949 Harrison Avenue Rockford, IL 61108 | 100% |
| Rubloff 757-MSN24794, LLC | Gerald H. Weber, Jr. and Patti R. Weber Trust dated November 29, 2005 | 4949 Harrison Avenue Rockford, IL 61108 | 49.25% |
| | | | 49.25% |
| | Ronald E. Swenson | 4949 Harrison Avenue Rockford, IL 61108 | 1.5% |
| | Rubloff Development Group, Inc. | 4949 Harrison Avenue Rockford, IL 61108 | |
| Rubloff Ryan, L.L.C. | Gerald H. Weber, Jr. and Patti R. Weber Trust dated November 29, 2005 | 4949 Harrison Avenue Rockford, IL 61108 | 50% |
| | | | 50% |
| | Ronald E. Swenson | 4949 Harrison Avenue Rockford, IL 61108 | |
| Rubloff/Ryan 80 LLC | Gerald H. Weber, Jr. and Patti R. Weber Trust dated November 29, 2005 | 4949 Harrison Avenue Rockford, IL 61108 | 50% |
| | | | 50% |
| | Ronald E. Swenson | 4949 Harrison Avenue Rockford, IL 61108 | |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number include: Ryan International Airlines, Inc., 1437; Rubloff 757-MSN24794, LLC, 1494; Rubloff Ryan, L.L.C., 1289; Rubloff/Ryan 80 LLC, 4274; Ryan 763BK, L.L.C., 4107; Ryan 767, LLC, 6777; Sundowner 102, LLC, 6462; Sundowner Alexandria LLC, 1058; Sundowner Mesa, LLC f/k/a Prisoner Transportation Services, LLC, 7195; Sundowner Oklahoma City LLC, 0958; Rubloff Aerospace, L.L.C., 4536.

[2] This list serves as the disclosure required to be made by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are based on information and belief as of the filing date.

70803921v1 0932325

| | | | |
|---|---|---|---|
| Ryan 763BK, L.L.C. | Gerald H. Weber, Jr. and Patti R. Weber Trust dated November 29, 2005 | 4949 Harrison Avenue Rockford, IL 61108 | 50% |
| | Ronald E. Swenson | 4949 Harrison Avenue Rockford, IL 61108 | 50% |
| Ryan 767, LLC | Gerald H. Weber, Jr. and Patti R. Weber Trust dated November 29, 2005 | 4949 Harrison Avenue Rockford, IL 61108 | 50% |
| | Ronald E. Swenson | 4949 Harrison Avenue Rockford, IL 61108 | 50% |
| Rubloff Aerospace, L.L.C. | Gerald H. Weber, Jr. and Patti R. Weber Trust dated November 29, 2005 | 4949 Harrison Avenue Rockford, IL 61108 | 50% |
| | Ronald E. Swenson | 4949 Harrison Avenue Rockford, IL 61108 | 50% |
| Sundowner 102, LLC | Gerald H. Weber, Jr. and Patti R. Weber Trust dated November 29, 2005 | 4949 Harrison Avenue Rockford, IL 61108 | 50% |
| | Ronald E. Swenson | 4949 Harrison Avenue Rockford, IL 61108 | 50% |
| Sundowner Alexandria LLC | Gerald H. Weber, Jr. and Patti R. Weber Trust dated November 29, 2005 | 4949 Harrison Avenue Rockford, IL 61108 | 25% |
| | Ronald E. Swenson | 4949 Harrison Avenue Rockford, IL 61108 | 25% |
| | Aviation Enterprises, Inc. | 4949 Harrison Avenue Rockford, IL 61108 | 25% |
| | Dash Aviation, Inc. | 4949 Harrison Avenue Rockford, IL 61108 | 25% |
| Sundowner Mesa, LLC f/k/a Prisoner Transportation Services, LLC | Gerald H. Weber, Jr. and Patti R. Weber Trust dated November 29, 2005 | 4949 Harrison Avenue Rockford, IL 61108 | 35% |
| | Ronald E. Swenson | 4949 Harrison Avenue Rockford, IL 61108 | 35% |
| | Aviation Enterprises, Inc. | 4949 Harrison Avenue Rockford, IL 61108 | 15% |
| | Dash Aviation, Inc. | 4949 Harrison Avenue Rockford, IL 61108 | 15% |
| | | | |

| | | | |
|---|---|---|---|
| Sundowner Oklahoma City LLC | Gerald H. Weber, Jr. and Patti R. Weber Trust dated November 29, 2005 | 4949 Harrison Avenue Rockford, IL 61108 | 25% |
| | Ronald E. Swenson | 4949 Harrison Avenue Rockford, IL 61108 | 25% |
| | Aviation Enterprises, Inc. | 4949 Harrison Avenue Rockford, IL 61108 | 25% |
| | Dash Aviation, Inc. | 4949 Harrison Avenue Rockford, IL 61108 | 25% |

## DECLARATION UNDER PENALTY
## OF PERJURY ON BEHALF OF THE DEBTORS

I, Mark A. Robinson, the undersigned authorized signatory of Ryan International Airlines, Inc.[3], named as the debtors in the cases, declare under penalty of perjury that I have read the foregoing list of equity security holders and that it is true and correct to the best of my information and belief.

Dated: Rockford, Illinois

_____March 5_____, 2012

_____
Executive Vice President
Ryan International Airlines, Inc.

---

[3] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number include: Ryan International Airlines, Inc., 1437; Rubloff 757-MSN24794, LLC, 1494; Rubloff Ryan, L.L.C., 1289; Rubloff/Ryan 80 LLC, 4274; Ryan 763BK, L.L.C., 4107; Ryan 767, LLC, 6777; Sundowner 102, LLC, 6462; Sundowner Alexandria LLC, 1058; Sundowner Mesa, LLC f/k/a Prisoner Transportation Services, LLC, 7195; Sundowner Oklahoma City LLC, 0958; Rubloff Aerospace, L.L.C., 4536.

70803921v1 0932325

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| RYAN INTERNATIONAL AIRLINES, INC., et al.[1], | ) Case No. 12-_____ |
| Debtors. | ) Joint Administration Requested |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE TOP 30 LARGEST UNSECURED CLAIMS

The above-captioned Debtors and Debtors-in-Possession (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. The following is the consolidated list of Debtors' creditors holding the 30 largest unsecured claims (the "Consolidated List") based on the Debtors' books and records as of approximately February 29, 2012. The Consolidated List is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in these Chapter 11 cases. The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (2) secured creditors. None of these creditors are minor children. The information contained herein shall neither constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority or amount of any claim.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number include: Ryan International Airlines, Inc., 1437; Rubloff 757-MSN24794, LLC, 1494; Rubloff Ryan, L.L.C., 1289; Rubloff/Ryan 80 LLC, 4274; Ryan 763BK, L.L.C., 4107; Ryan 767, LLC, 6777; Sundowner 102, LLC, 6462; Sundowner Alexandria LLC, 1058; Sundowner Mesa, LLC f/k/a Prisoner Transportation Services, LLC, 7195; Sundowner Oklahoma City LLC, 0958; Rubloff Aerospace, L.L.C., 4536.

| | NAME OF CREDITOR, COMPLETE MAILING ADDRESS, AND EMPLOYEE, AGENT, OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM (bond debt, trade debt, bank loan, government contracts, etc.) | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM (if secured, also state value of security) |
|---|---|---|---|---|
| 1. | DFAS-CO/FPS/F<br>DFAS-Columbus Center<br>Attn: DFAS-ADPSD/CA Fuels<br>Columbus, OH 43218-2204 | Trade Debt | | $6,831,693.91 |
| 2. | Delta Air Lines<br>1030 Delta Blvd.<br>Atlanta, GA 30320-6001 | Trade Debt | Disputed | $6,163,838.87 |
| 3. | Virgin Atlantic Airways<br>Manor Royal<br>Crawley<br>West Sussex<br>PH10 9NU | Past Due Lease Payment | | $2,440,790.53 |
| 4. | Wells Fargo Bank Northwest, not individually but as Trustee for Triton Aviation International LLC<br>c/o Mr. Jeremy Stamelman<br>Gibson, Dunn & Crutcher LLC<br>200 Park Avenue<br>New York, NY 10166-0193 | Judgment | | $1,500,000.00 |
| 5. | North Shore Aircraft LLC – Lease<br>c/o Wayzata Investment Partners, LLC<br>Attn: Ray Wallander & John McEvoy<br>701 East Lake Street<br>Suite 300<br>Wayzata, MN 55391 | Past Due Lease Payment | Disputed | $1,350,000.00 |
| 6. | Futura International Airways<br>Klenda, Mitchell, Austeman & Zuercher, LLC<br>Attn: Christopher McElgunn/Michelle Brenwald<br>1600 Epic Center<br>301 North Main<br>Wichita, KS 67202 | Trade Debt | Disputed | $1,135,717.12 |
| 7. | Professional Insurance Management Inc.<br>2120 Airport Road<br>Wichita, KS 67277 | Loan for Insurance Premiums | | $852,368.68 |
| 8. | Wright Express Financial Srv<br>33548 Treasury Center<br>Chicago, IL 60694-3500 | Trade Debt | Disputed | $829,553.60 |
| 9. | LSG Sky Chefs Deutschland<br>Dornhofst 38<br>Neu-Isenburg 63263<br>Germany | Trade Debt | Disputed | $415,718.81 |
| 10. | DSSN 3801 L1-Craf<br>Attn: Disbursing Operations Director | Trade Debt | Disputed | $414,192.78 |

|     |                                                                                                              |            |          |              |
| --- | ------------------------------------------------------------------------------------------------------------ | ---------- | -------- | ------------ |
|     | 3801 Limestone Field Site<br>P.O. Box 269339<br>Indianapolis, IN 46226-9339                                  |            |          |              |
| 11. | VRG Linhas Aereas<br>Avenida Vinte De Janeiro Seguimento D<br>CEP 21941-570                                  | Trade Debt | Disputed | $408,500.56  |
| 12. | American Express – 360001<br>US Payment Florida<br>2965 West Corporate Lakes Blvd.<br>Weston, FL<br>33331-3626 | Trade Debt | Disputed | $389,503.68  |
| 13. | Pratt & Whitney<br>Christchurch Engine Centre<br>Christchurch Int'l Airport 8544<br>14005<br>CHC New Zealand | Trade Debt | Disputed | $351,186.47  |
| 14. | LSG Sky Chefs<br>998 W. Army Trail Road<br>Carol Stream, IL 60131                                            | Trade Debt | Disputed | $322,213.95  |
| 15. | Airbus of North America<br>198 Van Buren Street<br>Herndon, VA 20170                                         | Trade Debt | Disputed | $311,380.00  |
| 16. | US Customs & Border Protection<br>Revenue Division<br>Attn: UserFeeT<br>6650 Telecom Drive<br>Indianapolis, IN 46278 | Trade Debt | Disputed | $278,852.20  |
| 17. | Ascent Aviation Services<br>6901 S. Park Road<br>Tucson, AZ 85766                                            | Trade Debt | Disputed | $231,359.82  |
| 18. | Piedmont Aviation<br>1031 E. Mountain Street<br>Suite 320<br>Kernersville, NC 27284                          | Trade Debt | Disputed | $193,557.08  |
| 19. | McGladrey & Pullen, LLP<br>5155 Paysphere Circle<br>Chicago, IL 60674                                        | Trade Debt | Disputed | $166,000.00  |
| 20. | Euro Jet Intercontinental<br>12 Mount Havelock<br>Douglas IM72QG                                             | Trade Debt | Disputed | $149,405.04  |
| 21. | US Airways<br>201 East Jefferson Street<br>Phoenix, AZ 85004                                                 | Trade Debt | Disputed | $148,771.00  |
| 22. | Boeing Commercial Airplanes<br>P.O. Box 3707<br>Seattle, WA 98124-2207                                       | Trade Debt | Disputed | $134,180.71  |
| 23. | Chicago Aircraft Inc.<br>3216 S. Nordic Road<br>Arlington Heights, IL 60005                                  | Trade Debt | Disputed | $131,600.00  |
| 24. | SFB Fueling, LLC<br>3301 N. Buffalo Drive<br>Suite B-9<br>Las Vegas, NV 89129                                | Trade Debt | Disputed | $130,456.84  |
| 25. | U.S. Jet Services, Inc.<br>3216 S. Nordic Road                                                               | Trade Debt | Disputed | $106,100.00  |

70803923v1 0932325

|  |  |  |  |  |
|---|---|---|---|---|
|  | Arlington Heights, IL 60005 |  |  |  |
| 26. | Cooper & Kirk<br>1523 New Hampshire<br>Washington, D.C. 20036 | Attorneys' Fees | Disputed | $102,627.22 |
| 27. | Globe Ground North America LLC<br>111 Great Neck Road<br>Suite 320<br>Great Neck, NY 11021 | Trade Debt | Disputed | $98,526.75 |
| 28. | Consultoria – Mexican Immigration<br>Homero 1832<br>Col Los Morales Polanco<br>Delegacion Miguel Hidalgo<br>C.P. 11510<br>Mexico DF | Trade Debt | Disputed | $1,389,626.04 |
| 29. | Pan Am Int'l Flight Academy<br>5000 Northwest 36th Street<br>Miami, FL 33166-2763 | Trade Debt | Disputed | $86,902.00 |
| 30. | Baker Botts L.L.P.<br>One Shell Plaza<br>910 Louisiana Street<br>Houston, TX 77002-4995 | Trade Debt | Disputed | $85,454.00 |

## DECLARATION UNDER PENALTY
## OF PERJURY ON BEHALF OF THE DEBTORS

Pursuant to 28 U.S.C. § 1746, I, Mark A. Robinson, the duly qualified and authorized signatory of Ryan International Airlines, Inc., and its debtor affiliates, declare under penalty of perjury that I have reviewed the Consolidated List and that it is true and correct to the best of my information and belief.

Dated: Rockford, Illinois
March 5, 2012

_____
Executive Vice President, Ryan international Airlines, Inc.

## Schedule 1

## Pending Bankruptcy Cases Filed by the Debtors and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in this Court for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court. The Debtors have moved for joint administration of these cases under the case number assigned to the Chapter 11 case of Ryan International Airlines, Inc.

1. Ryan International Airlines, Inc.
2. Rubloff 757-MSN24794, LLC
3. Rubloff Ryan, L.L.C.
4. Rubloff/Ryan 80 LLC
5. Ryan 763BK, L.L.C.
6. Ryan 767, LLC
7. Rubloff Aerospace, L.L.C.
8. Sundowner 102, LLC
9. Sundowner Alexandria LLC
10. Sundowner Mesa, LLC f/k/a Prisoner Transportation Services, LLC
11. Sundowner Oklahoma City LLC

# MEMORAMDUM OF ACTION OF THE MAJORITY
# OF THE MEMBERS OF
# SUNDOWNER MESA, LLC f/k/a PRISONER
# TRANSPORTATION SERVICES, LLC

This Memorandum of Action dated March 5, 2012, by the majority of the Members (hereinafter "Members") of Sundowner Mesa, LLC f/k/a Prisoner Transportation Services, LLC (the "Company") took the following actions and adopted the following resolutions:

WHEREAS, the Members reviewed and considered the materials presented by the Company's management team and the financial and legal advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's businesses; and

WHEREAS, the Members have had the opportunity to consult with the Company's management team and the financial and legal advisors to the Company and fully consider each of the strategic alternatives available to the Company.

I. **Voluntary Petition Under the Provisions of Chapter 11 of Title 11 of the United States Code**

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Members, it is desirable and in the best interests of the Company, its creditors and other parties in interest, that the Company file or cause to be filed a voluntary petition for relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and it is

RESOLVED FURTHER, that the Managing Member of the Company (the "Managing Member" or "Authorized Officer") be, and hereby is authorized to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's businesses.

II. **Retention of Professionals**

NOW, THEREFORE, BE IT RESOLVED, that the Managing Member be, and is hereby authorized and directed to

employ the law firm of Hinshaw & Culbertson LLP as bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings and petitions for relief; and in connection therewith, the Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Hinshaw & Culbertson LLP; and it is

RESOLVED FURTHER, that the Authorized Officer be, and is hereby authorized and directed to employ the firm of Silverman Consulting, as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications for authority to retain the services of Silverman Consulting; and it is

RESOLVED FURTHER, that the Authorized Officer is hereby authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

### III. Further Actions and Prior Actions

NOW, THEREFORE, BE IT RESOLVED that in addition to the specific authorizations heretofore conferred upon the Authorized Officer, each of Authorized Officer's designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay al expenses, including filing fees, in each case as in such designees' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the resolutions; and it is

2

RESOLVED FURTHER, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of an on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

Approved: _____

                          Gerald H. Weber, Jr. and Patti R. Weber
                          Trust dated November 29, 2005, Member

                          By: _____
                                Gerald H. Weber, Jr.


_____
Ronald E. Swenson, Member


Aviation Enterprises, Inc., Member


By: _____
Its: _____


Dash Aviation, Inc.


By: _____
Its: _____

RESOLVED FURTHER, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of an on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

Approved: _____

                                        Gerald H. Weber, Jr. and Patti R. Weber
                                        Trust dated November 29, 2005, Member

                                        By:_____
                                              Gerald H. Weber, Jr.


                                        _____
                                        Ronald E. Swenson, Member


                                        Aviation Enterprises, Inc., Member

                                        By: *[signature]*
                                        Its: President

3